IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE VRDOLJA<br><br>*Plaintiff.*<br><br>v.<br><br>KILOLO KIJAKAZI, in his official capacity as the Acting Commissioner of Social Security<br><br>*Defendant.* | No. 1:21-cv-01574<br><br>Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

    On March 28, 2023, the Court denied the Commissioner of the Social Security Administration's motion for summary judgment, vacated the administrative law judge's ("ALJ") residual functional capacity ("RFC") assessment, and remanded the case to the Administration for further proceedings. (Dkt. 27). Plaintiff Bonnie Vrdoljak now seeks an award of $8,910.00 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d). For the following reasons, Vrdoljak's motion [29] is granted.

**BACKGROUND**

    The Court assumes familiarity with the facts of this case from its prior opinion. *Vrdoljak v. Kijakazi*, 2023 WL 2664300 (N.D. Ill. Mar. 28, 2023). In short, Vrdoljak suffered from a myriad of health issues and applied for disability insurance benefits. (Dkt. 11-1 at 193). The ALJ held a hearing on June 30, 2020, where Vrdoljak and a vocational expert ("VE") testified. (*Id.* at 41–68). The ALJ determined that her RFC limited her to certain types of work to avoid exposure to extreme heat and cold and concentrated levels of humidity, dust, fumes, and gases. (*Id.* at 29). Moreover, the ALJ found that Vrodljak's depression caused mild limitations in her abilities to understand, remember, or apply information. (*Id.* at 22–23). Yet, the ALJ did not include her mental limitations in her RFC. (*Id.* at 29–33). The ALJ eventually concluded that Vrdoljak was not disabled and denied her benefits claim. (*Id.* at 34).

    Vrdoljak appealed the ALJ's decision, and the Court vacated the ALJ's RFC assessment because the ALJ (1) failed to explain why her mental limitations required no restrictions, and (2) failed to incorporate Vrdoljak's mental limitations in questioning the vocational expert. *Vrdoljak*, 2023 WL 2664300, at *6. The Court remanded the case to the Administration for further

1

proceedings. *Id*. As the prevailing party, Vrdoljak timely moved for attorneys' fees under the EAJA. (Dkt. 29).

## DISCUSSION

The EAJA authorizes the court to award reasonable fees and costs if "(1) the claimant was a 'prevailing party,' (2) the government's position was not 'substantially justified,' (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and complete application with the district court." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)). The Commissioner disputes whether the second and fourth prongs are satisfied.

### I. Substantially Justified

The Commissioner must prove that either her pre-litigation conduct or her litigation position is substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). A position is substantially justified if "a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). A "Commissioner's position may be substantially justified even if it turns out to be completely wrong." *Id.* But a position may be less substantially justified if the ALJ or Commissioner "violated clear and long judicial precedent." *Golembiewski*, 382 F.3d at 724. The Supreme Court has "entrusted the question whether the commissioner's position is substantially justified to the discretion of the district court, in no small part because the analysis is not susceptible to a firm rule or even a 'useful generalization.'" *Basset*, 641 F.3d at 859 (quoting *Pierce v. Underwood*, 487 U.S. 552, 561–62 (1988)).

Here, Vrdoljak argues that the Commissioner's position was not substantially justified because the ALJ failed to (1) explain why her mental limitations required no restrictions, and (2) incorporate her mental limitations in questioning the VE. Regarding the first error, the Court criticized the ALJ for not building a "logical bridge" between the evidence of Vrdoljak's mental limitations and the conclusion that those limitations required no restrictions in her RFC. *Vrdoljak*, 2023 WL 2664300, at *5 ("The primary problem is a dearth of explanation."). Even though the ALJ did not "connect all the dots" in her analysis, the Commissioner's position could still be substantially justified. *Bassett*, 641 F.3d at 859–860 (holding that "'cursory and inadequate' analysis of an important point," alone, may not "poison the opinion—or the commissioner's defense of the opinion"). Indeed, the *Bassett* court commented that there should be something more than a "run-of-the-mill error in articulation to make the commissioner's position unjustified." *Id.* at 860; *see also Bailey v. Barnhart*, 473 F.Supp.2d 842, 850–51 (N.D. Ill. 2006) (discussing failure to build "logical bridge" as one reason among several for why the government's position was not substantially justified).

But here is the rub: the ALJ also failed to pose *any* hypothetical questions about Vrdoljak's specific mental limitations to the VE. "When an ALJ poses a hypothetical question to a vocational expert, the question must include *all limitations* supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009) (emphasis added). "More specifically, the question must account for documented limitations of concentration, persistence or pace." *Id.* (cleaned up). In *Stewart*, the Seventh Circuit reversed the district court's denial of attorneys' fees

2

and held that the Commissioner's defense was not substantially justified because the ALJ failed to include all the plaintiff's limitations in a hypothetical question to the vocational expert. *Id.* at 682, 684–85. Simply hinting at potential limitations are inadequate. *See O'Connor–Spinner v. Astrue*, 627 F.3d 614, 620–21 (7th Cir. 2010) (reversing lower court's denial of benefits and holding that an ALJ must "refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations.").

In this case, the ALJ credited medical opinions in finding that Vrdoljak's depression caused mild limitations in her abilities to understand, remember, or apply information; to interact with others, concentrate, persist, or maintain pace; and to adapt or manage herself. *Vrdoljak*, 2023 WL 2664300, at *5. Yet, the ALJ did not ask the VE any hypotheticals involving those mental limitations. The Commissioner has not pointed to any facts in the record to suggest that the VE was even aware of such limitations. While the ALJ referenced Vrdoljak's tenth-grade education and capacity to perform "unskilled work," the Seventh Circuit has routinely rejected these vague cues as sufficient. *See, e.g.*, *O'Connor-Spinner*, 627 F.3d at 620–21; *Craft v. Astrue*, 539 F.3d 668, 677–78 (7th Cir. 2008) (limiting hypothetical to simple, unskilled work does not account for claimant's difficulty with memory, concentration, or mood swings). By omitting Vrdoljak's mental limitations from the hypotheticals, the ALJ provided an unreliable baseline for the VE's testimony.

That error is serious—made worse because the issue is neither close nor confusing. The Seventh Circuit is clear: the ALJ must incorporate all limitations supported by the medical record when posing hypotheticals to a VE. *See, e.g.*, *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019); *Murphy v. Colvin*, 759 F.3d 811, 817 (7th Cir. 2014); *O'Connor-Spinner*, 627 F.3d at 620–21; *Stewart*, 561 F.3d at 684. Thus, the omission breaks from this long line of judicial precedent. Altogether, the Court finds that the Commissioner cannot satisfy the burden in proving that her litigation position was substantially justified.

**II.     Attorneys' Fees**

As the prevailing party, Vrdoljak is entitled to attorneys' fees under the EAJA. Here, Vrdoljak seeks $8,910.00: $8,360.00, based on 38 hours preparing the appeal to this Court plus $550.00, based on 2.5 hours drafting the reply seeking attorneys' fees. The proposed hourly rate is $220.00, adjusted upward based on the Consumer Price Index prepared by the Bureau of Labor and Statistics. *See Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

The Commissioner does not dispute the attorneys' hourly rate.[1] Rather, she contends that the 38 hours worked are unreasonable in light of the comparatively short 482-page transcript where an outside counsel also spent 12.3 hours assisting the litigation. Moreover, the itemized bill failed to distinguish which attorney performed what work. Her arguments are conclusory and underdeveloped.

---

[1] The Court finds the $220.00 rate reasonable. *See, e.g.*, *Anthony G. v. Kijakazi*, 2023 WL 6879827, at *4 (C.D. Ill. Oct. 18, 2023) (approving increases of the $125 cap to $207.85 in 2021 and $224.26 in 2022); *Michael J. Z. v. Kijakazi*, 2021 WL 5278717, at *2 (N.D. Ill. July 16, 2021) (finding $200–$350/hour appropriate for attorneys with social security-disability experience); *Darius W. v. Saul*, 2020 WL 3469218, at *6 (N.D. Ill. June 25, 2020) (noting that hourly non-contingent rates for attorneys litigating social security disputes are between $250 and $550).

To start, the Commissioner cites no legal authority to support her position that the hours expended are unreasonable. "The standard range for hours worked on Social Security litigation in the Seventh Circuit is 40–60 hours." *Cummings v. Berryhill*, 2017 WL 926766, at *2 (N.D. Ill. Mar. 8, 2017) (quotations omitted); *see also Spraggins v. Berryhill*, 2018 WL 661553, at *1 (N.D. Ill. Feb. 1, 2018) (same). Here, 38 hours fall on the lower end of the spectrum. Although the transcript pages are shorter than average, "the court is not in the business of divining why a particular attorney reads or writes at a certain rate of speed in one case and a different rate in another." *Perez on behalf of Velez v. Berryhill*, 2018 WL 752316, at *1 (N.D. Ill. Feb. 7, 2018) (cleaned up). Moreover, Vrdoljak's attorney is not seeking fees for the 12.3 hours expended by outside counsel. (Dkt. 33 at 6). But even if he is, the combined total of 50.3 hours is still within the accepted range. Thus, absent any countervailing evidence, the Court finds that 38 hours is reasonable.

Next, the Commissioner's contention that the bill does not indicate which attorney performed the work is moot. As discussed, Vrdoljak's attorney is not seeking fees for work performed by the outside counsel. Moreover, the Court finds that the time entries have sufficient description to show what work was performed and will not reduce any hours.

Lastly, Vrdoljak's attorney states that he expended 3.6 hours researching, drafting, and editing the reply brief for attorneys' fees, but, in his discretion, seeks only 2.5 hours, resulting in $550.00. The Court finds that 2.5 hours is a reasonable amount of time to finalize an 8-page brief, with well-researched and responsive arguments.

## CONCLUSION

For the stated reasons, the Court grants the motion for attorneys' fees [29] under the EAJA and awards $8,910.00 in attorneys' fees and costs.

_____
Virginia M. Kendall
United States District Judge

Date: January 16, 2024

4